| Pavel L. Bytovetzski | |
| vs. | No. 87314. |
| Henry C. McDuff Estate | |

April 5, 1933.

FROST, J. Heard on defendant's motion for new trial after verdict for plaintiff in the sum of $300.

This is an action of the case in deceit. Plaintiff testified that he held a second mortgage on certain real estate situated in the City of Cranston. Upon the same property was a first mortgage held by Henry C. McDuff. Failure on the part of the mortgagor to comply with the terms of the mortgages made it necessary to foreclose. Bytovetzski thought that he could obtain a purchaser for the property and with that in mind inquired of McDuff when the first mortgage was placed upon the real estate. He was told, as he testified, that the mortgage was put on before ground was broken for the construction of the house. Acting on this information, he went ahead and secured a customer for the house. The first mortgage was foreclosed and the property bid in and still later was conveyed to Bytovetzski's customer. After the foreclosure sale it was found

that there were valid liens upon the property and these were cleared up by Bytovetzski.

There was evidence given at the trial from which the jury might fairly find that the plaintiff was entitled to recover in the form of action which was brought.

Counsel for the defendant argued at this hearing with considerable vigor that the verdict should be set aside on the ground that the amount found indicated clearly that the verdict was a compromise and that the jury, having followed the evidence of neither side, failed to do justice to either party. The Court is unable to concur in this view. Many figures were introduced and it would seem to the Court upon these figures that a slightly larger sum might have been given. However, considering the difficulty of arriving at the proper amount of damages without notes, the Court cannot say with any assurance that the verdict represents a conscious compromise on the part of the jury. Indeed, it is just as easy to believe that the jury agreed upon the question of liability and then were somewhat confused as to the exact loss that the testimony showed that the plaintiff had suffered.

In the Court's judgment the verdict does substantial justice between the parties and defendant's motion is therefore denied.

For plaintiff: George F. Troy.

For defendant: James E. Brennan.